## Joshua R. Jones v. The Alliance Mutual Fire Insurance Company of Reading, Pa.   L. H. Kinney's Appeal.

*Insurance—Fire insurance—Abandonment of policy.*

In a proceeding to recover upon a policy of a mutual fire insurance company, it appeared that several months prior to the fire which destroyed his property, the assured received notice of an assessment a day or two after it was mailed to him.   He never paid the assessment, but immediately afterwards took out other insurance for the purpose of supplying the place of the policy sued upon.   There was other evidence tending to show that the assured did not intend to pay the assessment, and that his purpose was to abandon the policy.   The auditor and the court below found as a fact that the policy had been abandoned.   *Held*, on appeal, that the decree of the court below should be sustained.

Argued March 2, 1896.   Appeal, No. 138, Jan. T., 1895, by L. H. Kinney, from order of C. P. Berks Co., Equity Docket 1891, No. 545, dismissing exceptions to master's report.   Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ.   Affirmed.

Bill in equity alleging insolvency of defendant and praying for the appointment of a receiver.

Exceptions to report of master appointed to distribute the estate of the defendant.

The master, William Young, Esq., reported the facts to be as follows:

On November 23, 1889, The Alliance Mutual Fire Insurance Company of Reading, Pa., issued to L. H. Kinney a policy of insurance in the amount of $1,000; $750 on his machinery, shafting, belting, etc., used in the manufacture of foundry facing; $250 on his stock of ground facing and crude material, all and only while contained in a three-story brick, slate-roofed, water-power grinding mill situate in the western limits of Allentown, Pa. The company is what is known as a Mutual Insurance Company and which raises the funds necessary to meet losses and expenses by assessments upon policy holders, and the exaction of a fixed premium fee when the policy issues. At the time the policy issued, Mr. Kinney paid the sum of $5.75, viz.: premium $5.00 and policy fee of $.75. He admits that this is the only money he has ever paid to the company. The policy, by its written terms, was to insure Mr. Kinney "against all such immediate loss or damage sustained by the assured, as may occur by *fire* or *lightning* to the property above specified, but not exceeding the interest of the assured in the property, and *except* as hereinafter provided, for the term of five years from the first day of December, one thousand eight hundred and 89 at 12 o'clock noon, to the first day of December, one thousand eight hundred and 90 at 12 o'clock noon," etc., subject to numerous conditions as contained on the face of the policy.

The policy is indorsed "Expired December 1, 1894."

The policy contains a copy of the application of Mr. Kinney for insurance. The concluding clause of the application is in these words: "For value received, and in consideration of a policy of insurance to be issued to me by The Alliance Mutual Fire Insurance Company upon the approval of my application for insurance in said company, of this date, I promise to pay the said company, such sum or sums of money, and at such time or times, as the board of directors of said company may require and assess; and if such assessment be not paid to the company,

at its office in Reading, Pa., or to a duly authorized agent, within thirty days after notice of the same, to pay 25 per cent. thereof, for expenses of collection.

Signed,        "L. H. KINNEY."

On or about January 20, 1891, the following notice was mailed by the agent of the company to Mr. Kinney:

" Dup.

" THE ALLIANCE MUTUAL FIRE INSURANCE COMPANY,

" Office, 522 Court Street.

" READING, PA., January 20th, 1891.

" MR. L. H. KINNEY, Allentown, Pa.:

"You are hereby notified that the board of directors of The Alliance Mutual Fire Insurance Company, at a meeting held Jany., 1891, levied an assessment No. 1, upon all policies to date.

" The assessment on your policy No. 392 for $1000.00 note $———— amounts to $7.50.

" Please remit said amount direct to A. T. Cross, 930 North 10th street, Philadelphia, by check, P. O. money order, or registered letter within 30 days, and receipt will be forwarded to you.

" By order of the board of directors.

" M. S. EBY, Secretary."

EXTRACT FROM CONDITION OF INSURANCE:

" If any assessment on said application be in arrears and unpaid for the space of thirty days after notice and demand, then, and in every such case, the insurance under this policy shall cease until such assessment is paid.

" Please let us have check for the remittance by return mail or we will be obliged to place it in hands of our collector, when there will be added 25% for collection."

On September 2, 1891, the mill property leased by Mr. Kinney was destroyed by fire; the property, also contained in it, machinery and materials covered by the policy, was totally destroyed.

At the time of the fire, Mr. Kinney held the following additional insurance on the same property:

Two thousand dollars in the Quaker City Mutual of Philadelphia; $1,000 in the Dauntless of Philadelphia; $1,000 in

the Peoples' Company of Harrisburg; $1,000 in the Capital City of Harrisburg; the amount of insurance $6,000. Shortly after the fire, Mr. Kinney forwarded a proof of loss to the company. The company admits that the amount of loss sustained by Mr. Kinney is $4,132.22. On September 8, 1891, M. S. Eby, secretary of the company, addressed a letter to Mr. Kinney referring to the nonpayment of assessments, and intimating that the company was not liable on its policy to him. At the time the policy of the Alliance Company issued to Mr. Kinney, he was carrying other insurance on this property to the amount of $4,000, viz: $2,000 in the Quaker City Mutual; and $2,000 in the Lehigh Mutual.

His policy in the Lehigh Mutual expired July 30, 1891. After taking out his policy in The Alliance Company, Mr. Kinney took out reinsurance to the extent of $3,000, viz: $1,000 in the Dauntless Company, of Philadelphia; $1,000 in the Peoples' Company, of Harrisburg, and $1,000 in the Capital City of Harrisburg. In the policy of The Alliance Company, condition 1, clause 2, is as follows : " This policy shall become void unless consent in writing is indorsed by the company hereon, in each of the following instances, viz: . . . . If the assured have or shall hereafter obtain any policy or agreement for insurance, whether valid or not, on the property above mentioned, or any part thereof." No written consent is indorsed on the policy permitting any additional insurance. After Mr. Kinney's fire he called upon Mr. Van Reed, receiver of the defendant company, and admitted that his reason for not paying the assessment, of which he had notice, was this : that, not considering The Alliance Company reliable, he had taken out policies in other companies upon which he relied, in place of that issued to him by The Alliance Company. But failing to receive sufficient money from these substituted companies, and being informed that this failure to pay the assessment was no forfeiture of his policy in The Alliance Company, he decided to present his claim. The by-laws and constitution of The Alliance Company are not attached to or made part of the policy.

The master disallowed the claim.

Exceptions to the master's report were overruled, in an opinion by ENDLICH, J.

*Error assigned*, among others, was decree dismissing exceptions to the master's report.

*D. Nicholas Schaeffer, Edward Harvey* with him, for appellant. —There was no abandonment of the policy: 1 Am. & Eng. Ency. of Law, 1; Lancashire Ins. Co. v. Nill, 114 Pa. 248; May on Ins. sec. 67; Rockcliffe v. Pearce, 1 F. & F. 300; Head v. Providence Ins. Co., 2 Cranch, 127; Alliance Mut. Ins. Co. v. Swift, 10 Cush. 433; McAllister v. New Eng. Ins. Co., 101 Mass. 558; Massasoit Mills v. Western Ins. Co., 125 Mass. 110; May on Ins. 73; Wharton's Ev. sec. 925; Graham v. Pancoast, 30 Pa. 97.

*W. D. Horning* and *C. H. Schaeffer*, for appellees.—The finding of a master upon a question of fact should not be disturbed unless there is direct evidence to convict him of error: Bugbee's App., 110 Pa. 331; Sproull's App., 71 Pa. 137; Kutz's App., 100 Pa. 75; Kisor's App., 62 Pa. 428; Phillip's App., 68 Pa. 130.

The parties to a contract may at any time rescind it, either in whole or in part, by mutual consent, and the surrender of their mutual rights is sufficient consideration: 21 Am. & Eng. Ency. of Law, 44; Amer. Life Ins. Co. v. McAden, 109 Pa. 399; Moss v. Elliott, 1 W. N. C. 153.

PER CURIAM, March 27, 1896:

The appellant admitted when on the witness stand that he had received notice of the assessment made in January, 1891, a day or two after it was mailed to him.  As a matter of fact he never paid the assessment and the evidence that he never intended to pay it, but that he intended to abandon the policy, was simply overwhelming.  He took out other insurance for the very purpose of supplying the place of this policy.  The master's finding on this subject is eminently correct and could not have been otherwise under the testimony.  It was confirmed by the learned court below and is approved by us: There is no error in this record.

The decree of the court below is affirmed, and the appeal is dismissed at the cost of the appellant.